HON. JAMES BARRETT,
HON. WILLIAM C. WILSON, } ASSISTANT JUDGES.
HON. BENJAMIN H. STEELE

---

GEORGE P. BALDWIN *v.* AUSTIN L. COBURN AND OTHERS.

*Liquor Law.    Contracts void as against Public Policy.*

It is against public policy, that a commissioner, under the liquor law, should avail himself of his office to secure to himself the traffic in liquors, through the town agents whom he appoints.

A contract, which contemplates the commissioner's becoming the merchant to supply liquors systematically to the towns, through the agents, whose sales are to be regulated by him, and whose appointment, and official conduct are under his control and supervision, is void as against public policy.

27

Baldwin *v.* Coburn et al,

B., a commissioner, took of C., an agent, a contract reciting that, "whereas, the said C. has this day been appointed agent for the sale of spirituous liquors in the town of West Fairlee, by the said B., commissioner of Orange County, and whereas, the said B. is to furnish the said C. with such liquors as may be needed to supply the said town: the said C. and sureties bind themselves to see the commissioner paid for the liquors so furnished." *Held,* that the contract cannot be countenanced by the courts, or enforced by their aid.

THIS was an action of special assumpsit with two counts. Plea, the general issue, and trial by jury at the June Term, 1866, PECK J., presiding.

It was in evidence for the plaintiff that during the years 1861–2–3, the plaintiff was duly elected commissioner of Orange county, for the appointment of agents in the different towns to sell liquors. It was also in evidence, on the plaintiff's part, that early in the year 1862, to-wit, in March or April, the plaintiff, as such commissioner, appointed Austin L. Coburn, of West Fairlee, as agent of that town, to sell for and during the year ensuing. And that at or about the time of said appointment, the said Coburn executed and delivered, together with the other defendants as sureties for said Coburn, an obligation, binding themselves to pay the plaintiff for all liquors furnished said Coburn, to be sold by him as agent for said town, under his appointment by the plaintiff. The plaintiff offered the obligation in evidence, and offered to show that the plaintiff, during said official year, furnished and supplied Coburn with spirituous liquors, from time to time, under and in accordance with said contract, for which the defendants had not paid him.

The counsel for the defendants objected on the grounds that the instrument on which this action is brought, is one that the plaintiff had no legal right to make, and that the same is void in law, and that no action would lie upon it for recovery of said liquors ; and the court so holding, ruled that the agreement and other proof offered, could not be given in evidence in the case, and directed a verdict for the defendants,—to which the plaintiff excepted. Other facts are stated in the opinion.

*R. McK Ormsbee*, for the plaintiff.

I. The right of an agent to purchase liquors for the legitimate business of his agency, is settled by the decision of this court.

II. It is urged that the county commissioner cannot sell to an agent, even for the business of the agency. It is not pretended that there is any statute prohibiting the commissioner to manufacture, or sell, for legal purposes ; but it is claimed that if he is permitted so to do, it might be a temptation for him to-encourage the agent to violate the law, which would be against the policy of the law. We submit that this is a question for the legislature. Never did a court carry the policy doctrine so far. If the people choose to elect for commissioner a distiller, or liquor dealer, and do so, knowing the quality of his goods, out of considerations of policy, they can only be restrained by the legislature. 3 Stark. Ev. 1217 ; *Hodgson* v. *Temple*, 5 Taunt. 186, (1 E. C. L. 67 ;) 10 B. & C. 93, (11 E. C. L. 29 ;) *Richardson* v. *Medish*, 2 Bingh. 229, (9 E. C. L. 391 ;) *Keip* v. *Seligman*, 8 Barb (N. Y.) 439.

*William Hebard*, for the defendants.

I. The contract offered in evidence is directly in violation of the statute. The statute does not authorize the commissioner to *sell or furnish* intoxicating liquors, but expressly prohibits him. G. S. ch. 94, § 1. The prohibition in this section applies as well to the commissioner as to any other person.

II. The sale by the commissioner or the *agent* on his own account would be as unauthorized and illegal as the sale by any other person, and the sale by the agent for any purpose except for what is contemplated by the law would be illegal, *State* v. *Parks*, 29 Vt. 70 ; *State* v. *Fisher*, 35 Vt. 584.

III. Any contract for the sale of intoxicating liquor, contrary to the provisions of the statute, is void and no action can be maintained upon it. *Converse* v. *Foster*, 32 Vt. 828.

IV. This contract is not only in violation of the express provision of the statute, but it is against the policy of the statute. It is the policy of the law to take all inducements away from the agent to sell more than the legitimate purposes of the sale require ; and he therefore is not allowed to take any of the profits of the sale. It is also the policy of the law that none but good liquor shall be sold. And it is the duty of the commissioner to see that this object and

purpose of the law is carried out. By the contract it became the interest of the commissioner to have the agent sell all the liquor he could, whether *good* or *bad*, against the policy of the law.

V. That the agent was equally in fault does not make the condition of the plaintiff any better. "*In pari delicto, potior est conditio defendentis.*"

The opinion of the court was delivered by

STEELE, J. The contract, which the plaintiff seeks by this action to enforce, is in the nature of a bond, which he, while commissioner under the liquor law, took of one of the town agents, whom he appointed to sell liquors under the statute. The contract provides that, "whereas, the said Austin L. Coburn, has this day been appointed agent for the sale of spirituous liquors in the town of West Fairlee, by the said George P. Baldwin, commissioner of Orange county, and, whereas, the said Baldwin is to furnish the said Coburn with such liquors as may be needed to supply the said town of West Fairlee," the said Coburn, with the other defendants, as sureties, bind themselves to see that the said commissioner is fully paid for all the liquors he so furnishes. This agreement is proven by a similar bond, or contract, which the commissioner took from the town agent, whom he appointed in Newbury, the same kind of a printed blank being used in both cases.

The defendant claims that this contract is void as against public policy. Whether the commissioner by availing himself of his office, as a means of securing the traffic to himself, and becoming the vendor of liquors to the town, through the agent, so misuses his office, or so unfits himself for the efficient, impartial, or faithful discharge of his public duty, as to make his contracts for the purpose of securing the traffic void, is best determined by considering his legal relations to the agents, and his duties under the statute. The agents whom the commissioner appoints are in no sense the agents of the commissioner. Neither he nor the agent is expected to have any interest in the sale of liquor. The law reposes in the agent an important public trust, and necessarily a wide discretion upon a sub-

ject, intimately connected with the health, morals, and good order of society.

The statute imposes upon the commissioner the responsible duty of selecting suitable persons in the town to execute this office, General Statutes, page 590, section 4, and places their appointment at his disposal. It also gives the commissioner a general supervision over the sales of the agents, throughout his county, and the duty of seeing this branch of the law properly enforced by authorizing him to control the agents, by such rules and regulations as he may prescribe. G. S. p. 591, § 4. The statute also provides that the commissioner may take a bond from the agent on appointing him, but the bond, authorized by the statute, is quite different in form and spirit from the one before us. The statutory bond is conditioned for conformity, on the agents part, to the provisions of the law, and the rules and regulations made by the commissioner to govern the sales. G. S. p. 592, § 7. The statute further imposes upon the commissioner the duty of removing any agent guilty of selling liquor at an exorbitant profit, G. S., p. 592, § 8, and makes it the duty of the commissioner, upon complaint by any party to him, that an agent within his county has violated his license, to notify such agent, and to hear the case, and, if he decides on hearing that the agent is guilty of the offence charged, he is required to revoke the license of the agent, and cause any breach of the condition of his bond to be prosecuted. G. S., p. 593, §17. By an inspection of the recital of this contract under the "whereas," it appears that the bargain by which the commissioner is to be the vendor of the liquor furnished the agent, and as a natural consequence to have the profits of the traffic, is simultaneous with the agents appointment. This creates a strong suspicion that the agreement to buy the liquors of the commissioner, is the consideration upon which the commissioner names him as a "suitable person" to sell liquors in the town, for which he is appointed. If this were so, it would be clearly a violation of the spirit of section 45, page 604, which provides that, " if any county commissioner shall either directly or indirectly receive any gift, fee, or reward in money, or other valuable thing, for, or in consideration

of the appointment of any person as agent," he shall be liable to fine and imprisonment; but while we should not be warranted in concluding from the mere paper, that such was the character of this transaction, it is very clear, that this contract is not for a mere occasional sale to the agent, as a matter of accommodation, but contemplates a systematic business for profit, by which the commissioner avails himself of his office to become the furnisher of liquors, during the term of his official life. The public have an interest that the agent shall be trustworthy, and shall not sell liquor unnecessarily poisonous, or at exorbitant rates, or for improper purposes, and the commissioner is the officer, in whose hands, by one means or another, the supervision of this interest is confided. By thus constituting himself the liquor merchant, who supplies the agent, he creates in himself a personal interest, opposed to the public interest in his keeping, an interest to encourage sales, to raise the price, and to supply the agents with cheap liquors, and to appoint unsuitable agents to the office. He becomes unfitted to decide impartially upon complaints against his agents for the violation of their licenses, and the agents will more naturally look to him for protection than correction, in those abuses of the office, from which he derives a profit. Such a prostitution of the office to purposes of private gain, is to be carefully guarded against, and is the result towards which this contract directly leads, and its unavoidable practical effect. For these reasons it cannot be countenanced by the court, or enforced by their aid.

Judgment affirmed.